**Mishil Ramzy Farag BOKTOR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73629.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Mishil Ramzy Farag Boktor, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Julie M. Iversen, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Mishil Ramzy Farag Boktor, a native and citizen of Egypt, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995). We deny the petition for review.

We decline to dismiss Boktor's pro se appeal for failure to follow Fed. R.App. P. 28 because the government was not prejudiced and "fully and capably briefed" the issues. *Lim v. INS*, 224 F.3d 929, 933–34 (9th Cir.2000).

We accept Boktor's testimony as true because the BIA did not adopt the IJ's adverse credibility finding. *See Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005).

Substantial evidence supports the agency's finding that Boktor did not establish past persecution. The record does not compel the conclusion that Boktor's arrest and the horse cart incident were on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177–78 (9th Cir.2004) (holding that random criminal acts bore no nexus to a protected ground). The record does not compel the conclusion that the incident when officials temporarily prevented Boktor's departure from Egypt rose to the level of persecution. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004) (discrimination against Coptic Christians in Egypt did not constitute past persecution).

Substantial evidence also supports the agency's finding that Boktor does not have a well-founded fear of future persecution in Egypt because the record before the agency does not contain evidence that he would be targeted by the government or Islamic extremists for his Christianity. *See Mansour*, 390 F.3d at 673.

Substantial evidence does not support the agency's determination that the presumption of firm resettlement applied because the government failed to make the threshold showing that Boktor had an official offer of permanent residence in France, Boktor testified that his residence status was not permanent and that he was separated from his French citizen wife, and the IJ refused to allow Boktor to explain his French residency status. *See Maharaj v. Gonzales*, 450 F.3d 961, 972–73, 977 (9th Cir.2006) (en banc). A remand to the IJ to develop a new record on resettlement issues *see id.* at 977–78, is not necessary, however, because we deny the petition for review on other grounds.

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.